IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| **OLD COUNTRY STORE, INC.,** | ) | |
| | ) | |
| Plaintiffs, | ) | No.  1:19-cv-01182-STA-jay |
| | ) | |
| v. | ) | |
| | ) | |
| **AUTO-OWNERS INSURANCE COMPANY,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER DENYING SECOND JOINT MOTION TO AMEND

Before the Court is the parties' Second Joint Motion to Amend (ECF No. 26) filed on July 1, 2020.  The parties request a revision of the current scheduling order, extensions that will require the Court to continue the current trial setting.  Federal Rule of Civil Procedure 16(b)(4) states that a scheduling order can be modified only on a showing of good cause and with the court's consent.  Fed. R. Civ. P. 16(b)(4).  The Sixth Circuit has explained that "[t]he primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Bank of Am., N.A. v. Corporex Realty & Investment Corp.*, 661 F. App'x 305, 317 (6th Cir. 2016) (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)).  In this case the parties have cited the Covid-19 pandemic as cause for the extensions they seek.  While the Court is mindful of the unprecedented effect the Covid-19 pandemic has had on daily life, not to mention the practice of law, the parties have now shown how the Covid-19 pandemic has impacted their ability to prepare the case for trial, despite their best efforts.

The Court entered the scheduling order in this case on November 7, 2019, several months before the state of emergency occasioned by Covid-19.  The parties have not indicated what discovery they have completed or what discovery remains.  Without that information, the parties have not shown whether they acted diligently to meet the current schedule.  The docket shows that the parties propounded written discovery and exchanged expert disclosures only within the last 6 weeks.  The Court would further note that the deadline for written discovery actually passed on June 12, 2020, meaning that Rule 6(b)(1)(B)'s excusable neglect standard now applies to any request to amend the deadline.  The parties have also not addressed the fact that their proposed amended deadlines, including the deadline for filing dispositive motions, would require the Court to continue the current trial setting.

For each of these reasons, the Court finds that the Second Joint Motion has not shown good cause for an amendment of the scheduling order.  The Court therefore **DENIES** the Motion without prejudice to the parties' right to refile it with a more complete explanation of what discovery remains to be taken and why good cause exists to extend the remaining case management deadlines and continue the trial date.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: July 2, 2020